The Honorable Lana Oleen State Senator, 22nd District Chair, Legislative Post Audit Committee State Capitol, Room 136N Topeka, Kansas 66612
Dear Senator Oleen:
As chair of the legislative post audit committee, you ask our opinion regarding the procedures used by the Kansas department of health and environment (KDHE) in investigation of complaints involving abuse at nursing homes. Specifically you ask:
 "Can the Department of Health and Environment fulfill its statutory responsibilities under K.S.A. 39-1404 by relying on nursing homes to investigate their own complaints of abuse, neglect, or exploitation?"
KDHE is responsible for licensure of adult care homes (nursing homes), K.S.A. 1995 Supp. 39-923 et seq., medical care facilities (hospitals), K.S.A. 1995 Supp.65-425 et seq., and home health facilities, K.S.A. 65-5101et seq. KDHE and the Kansas department of social and rehabilitative services (SRS) are jointly given the responsibility of investigating reports of abuse, neglect, or exploitation of residents of certain facilities by K.S.A. 39-1404. For purposes of the statutes concerning reporting of abuse, neglect or exploitation, "resident" is defined by K.S.A. 39-1401(a) as follows:
"(a) `Resident' means:
 "(1) Any resident, as defined by K.S.A. 39-923 and amendments thereto; or
"(2) any client cared for in an adult family home; or
 "(3) any individual kept, cared for, treated, boarded or otherwise accommodated in a medical care facility;
 "(4) any individual with mental retardation or a developmental disability receiving services through a community mental retardation facility or residential facility licensed under K.S.A. 75-3307b and amendments thereto; or
 "(5) any individual, kept, cared for, treated, boarded or otherwise accommodated in a state psychiatric hospital or state institution for the mentally retarded."
K.S.A. 39-1404(a) sets forth what is to happen when there is a report of abuse, neglect, or exploitation of a resident:
 "The department of social and rehabilitation services or the department of health and environment upon receiving a report that a resident is being, or has been, abused, neglected or exploited, or is in a condition which is the result of such abuse, neglect or exploitation or is in need of protective services, within 24 hours of receiving such report, shall initiate an investigation, including a personal visit with the resident and, within two weeks of receiving such report, shall complete the investigation to determine if the resident is being or has been abused, neglected or exploited or is in a condition which is a result of such abuse, neglect or exploitation. The investigation shall include, but not be limited to, a visit to the named resident and consultation with those individuals having knowledge of the facts of the particular case. Upon completion of the investigation of each case, written findings shall be prepared which shall include a finding of whether there is or has been abuse, neglect or exploitation, recommended action and a determination of whether protective services are needed. If it appears that a crime has occurred, the appropriate law enforcement agency shall be notified by the department investigating the report."
Pursuant to an interagency agreement between the secretary of aging, the secretary of health and environment, and the secretary of social and rehabilitation services, KDHE has assumed responsibility for investigation of reports of possible abuse, neglect or exploitation for residents of nursing homes, hospitals, and adult care facilities. SRS has assumed responsibility for such investigations for reports concerning residents at other facilities. This opinion only considers residents of nursing homes.
The language of K.S.A. 39-1404 is quite clearly mandatory. The term "shall" is used repeatedly, and not in a manner in which it could be interpreted to mean "may," even with the most contorted of legal machinations. If a report is received, there must be an investigation and the investigation must meet the specified criteria. The required investigation can be described as a ministerial act "meaning the public officer or agent is required to perform based upon a given set of facts, in a prescribed manner, in obedience to the mandate of legal authority, and without regard to his own judgment or opinion about the propriety or impropriety of the act to be performed." State ex rel.Stephan v. Kansas Racing Comm'n, 246 Kan. 708, 716-17
(1990).
That it is compulsory for KDHE to perform such investigations, does not mean that KDHE is without authority in whom it uses to perform such investigations. K.S.A. 39-1409 provides:
 "In performing the duties set forth in this act, the secretary of social and rehabilitation services or the secretary of health and environment may request the assistance of the staffs and resources of all appropriate state departments, agencies and commissions and local health departments and may utilize any other public or private agency, group or individual who is appropriate and who may be available to assist such department in the investigation and determination of whether a resident is being, or has been, abused, neglected or exploited or is in a condition which is a result of such abuse, neglect or exploitation." (Emphasis added.)
The legislature did not define who an "appropriate" individual or group is, other than to say the person or group must be available to assist KDHE. Essentially the legislature has granted KDHE discretion in whom KDHE uses to conduct investigations. If KDHE's choice were challenged in court, the scope of review would be whether its choice was "unreasonable, arbitrary or capricious." K.S.A. 77-621.
KDHE's complaint program policies and procedures manual classifies reports by the priority with which they need to be investigated, code 1, 2, or 3. Code 1 complaints generally involve complaints of abuse, neglect, and exploitation that involve immediate jeopardy to the resident. Code 1 complaints are investigated on site by KDHE surveyors, with the investigation starting the day the complaint is received.
Code 2 complaints generally involve complaints of abuse, neglect, and exploitation which do not involve immediate jeopardy to the resident. The investigation of these complaints must be initiated by the end of the next working day following receipt of the complaint. KDHE allows these complaints to be investigated by the nursing home facility itself if the complaint was self-reported by the facility or the complaint was anonymous. KDHE mails a report to the facility, which it must complete and return within seven calendar days of receipt of the complaint. KDHE will then conduct an on site investigation if the report is inadequate or certain other criteria are met.
Code 3 complaints generally involve "general care" concerns or vague allegations of abuse, neglect or exploitation. The investigation of these complaints is incorporated into the next inspection, so long as it is not more than six months later.
This classification scheme evidences that KDHE has exercised its discretion and has done so in a manner that appears rational. We are unable to say that it constitutes an unreasonable exercise of its discretion. We note that there are also federal requirements for investigations of complaints of abuse and neglect involving residents receiving medicare and medicaid, but the federal requirements differ and we have not been asked to review them.
In conclusion, KDHE is required by statute to investigate reports of abuse, neglect or exploitation of residents of nursing homes. K.S.A. 39-1404 makes an investigation mandatory and specifies certain aspects of the investigation. Under K.S.A. 39-1409, however, KDHE has discretion in whom it utilizes to conduct the investigations, and we are unable to say that KDHE has improperly exercised its discretion.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm